UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| MICHAEL LEE MILLIS, | ) | |
|---|---|---|
| Petitioner, | ) | Civil No. 2: 17-CV-184-WOB |
| v. | ) | |
| M.L. KING, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In July 2017, inmate Michael Lee Millis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of his incarceration, the United States District Court for the Central District of Illinois. [R. 1] From that date through the present, Millis has remained confined at the Federal Correctional Institution in Pekin, Illinois, and the respondent in this proceeding is his warden there. In his petition, Millis invoked *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017) to seek relief from the sentence imposed by this Court in 1995. [R. 1, 2] See also *United States v. Millis*, No. 93-CR-55-WOB (E.D. Ky. 1993).

In its initial response, the government asserted that Millis's petition was "wholly without merit," but requested additional time to research Millis's litigation history. [R. 6] The government then filed a second request for additional time to respond. In doing so, it noted that in 2011 the United States Attorney for this District indicated that if Millis filed a request with the President to commute his sentence, he would support it. See [R. 7 at 3-5]. On that basis, counsel for the government suggested that perhaps "Millis might desire to have his petition considered by his prosecuting court," and asserting that "[u]nder 28 U.S.C. § 1404(a), a district court can transfer any civil action to any other district to which all parties have consented." [R. 8] Millis took the

bait, and filed a one-sentence motion to transfer his § 2241 petition to this Court. [R. 9] On October 2, 2017, the Central District of Illinois transferred the petition to this Court in a one-sentence text order entered the next day.

The transfer of Millis's § 2241 petition to this Court was fruitless of course, as this Court lacks jurisdiction over his custodian. The warden of FCI-Pekin in Illinois is the only respondent who can effectuate the relief he seeks, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), but his presence outside this Commonwealth prevents this Court from ordering him to provide it. *Id*. at 435, 442-43 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); 28 U.S.C. § 2241(a) (authorizing federal courts to grant habeas relief "within their respective jurisdictions."). It is for that reason that the Seventh Circuit has disapproved the use of § 1404(a) – even assuming its applicability to § 2241 petitions, which are not "civil actions," but original actions deemed civil in nature – to transfer a § 2241 petition to the sentencing court in similar, albeit not identical, circumstances. *Hicks .v Duckworth*, 856 F.2d 934 (7th Cir. 1988); see also *United States v. Wyatt*, 672 F. 3d 519, 520-24 (7th Cir. 2012).

Nonetheless, the Court concludes that transferring the petition back to the district of incarceration is not warranted. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988) (transferee court will generally not revisit transferor court's determination to transfer case under the law of the case doctrine). And like the Seventh Circuit in *Wyatt*, the Court concludes that a re-transfer would be pointless, in this instance because the petition fails to state a viable basis for relief.

The Court conducts an initial review of Millis's petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). In *Dean*, the

Supreme Court held that the mere fact that 18 U.S.C. § 924(c) requires the imposition of a mandatory minimum sentence for a conviction under it does not preclude the sentencing court from considering that sentence when determining the sentence to be imposed for other convictions. *Dean*, 137 S. Ct. at 1175-78. Millis does not explain how *Dean* might assist him, stating only that he seeks "correction" of his sentence in light of that decision. [R. 1 at 6-7]

The petition must be denied for several reasons. At a minimum, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The *Dean* decision does not meet this threshold requirement. *United States v. Payne*, No. 94-CR-150-TCK, 2017 WL 3730612, at *2 (N.D. Okl. Aug. 29, 2017) ("All authority located by this Court indicates that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review.") (collecting cases); *Simmons v. Terris*, No. 17-CV-11771, 2017 WL 3017536, at *3 (E.D. Mich. July 17, 2017) (holding claim under *Dean* is not cognizable in § 2241 petition); *Wells v. Terris*, No. 17-CV-12253, 2017 WL 3777120, at *2 (E.D. Mich. Aug. 31, 2017) (same).

And as the government noted in its response [R. 7], Millis's sentence was imposed in 1995 when the Sentencing Guidelines were mandatory, and it was *that* constraint that limited the Court's authority in sentencing, not the mandatory nature of the sentence required for his § 924(c) conviction. And the Sixth Circuit, like the Seventh Circuit, has long held that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F. 3d 855, 860-61 (6th Cir. 2005). Finally, it was this Court's concern with the length of Millis's overall sentence, after engaging in a thorough and searching analysis of each of his component sentences, that prompted it to consider making a

3

downward departure and which resulted in the imposition of a sentence of 410 months imprisonment. [R. 1 at 11-17] In sum, the concern that animated the holding in *Dean* simply did not occur in Millis's sentencing.

The Court notes that if Millis files a petition for clemency with the President of the United States, this Court would support it.

Accordingly, it is **ORDERED** that:

1. Millis's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. All pending motions are **DENIED AS MOOT**.

4. This matter is **STRICKEN** from the active docket of the Court.

This 10th day of October, 2017.

Signed By:
*William O. Bertelsman* WOB
United States District Judge